Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS
NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff David Huckins

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DAVID HUCKINS**<br><br>        Plaintiff,<br>  **v.**<br><br>**UMPQUA VALLEY DEFENSE SERVICES, INC.,** an Oregon nonprofit corporation,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**CLAIM: $1,048,000**<br>**FILING FEE: $405.00**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.

This is an employment discrimination, retaliation, disability discrimination, whistleblower

retaliation, and wrongful discharge action arising from Defendant's termination of Plaintiff

PAGE 1 – **COMPLAINT**

David Huckins after he repeatedly reported unlawful conduct, including the possession of child pornography on Defendant's systems and reports of workplace sexual harassment and discrimination.

2.

Plaintiff was a long-term employee of Defendant who worked as an investigator for approximately twelve and one-half years.

3.

Plaintiff had a strong work history, positive performance evaluations, and a longstanding reputation for professionalism and ethical conduct.

4.

During the course of his employment, Plaintiff encountered illegal child pornography while reviewing criminal defense case materials maintained within Defendant's operations.

5.

Plaintiff immediately reported the unlawful material to Defendant's leadership and requested corrective action.

6.

Plaintiff later encountered additional child pornography in another case file and again reported the issue to management.

7.

The repeated exposure to child pornography caused Plaintiff significant psychological trauma and symptoms consistent with post-traumatic stress disorder ("PTSD").

8.

Plaintiff also struggled with alcoholism and sought treatment.

9.

Plaintiff's alcoholism and PTSD constituted disabilities under federal and Oregon law.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

10.

Defendant failed to engage in the interactive process or provide reasonable accommodations.

11.

On July 22, 2024, Plaintiff additionally reported workplace sexual harassment and discrimination involving Defendant's leadership.

12.

The same day Plaintiff reported the harassment and discrimination concerns, Defendant demanded Plaintiff resign or be terminated.

13.

When Plaintiff refused to resign, Defendant terminated his employment.

14.

Defendant's conduct violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, ORS Chapter 659A, Oregon whistleblower statutes, and Oregon public policy.

## II. JURISDICTION AND VENUE

15.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

16.

This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

17.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in Oregon and Defendant conducts business in Oregon.

## III. PARTIES

18.

Plaintiff David Huckins is an individual residing in Oregon.

19.

Defendant Umpqua Valley Defense Services, Inc., doing business as Umpqua Valley Public Defender ("UVPD"), is an Oregon nonprofit corporation conducting business in Oregon.

20.

Defendant employed approximately twenty employees during the relevant period.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.

On or about August 8, 2025, David Huckins filed a discrimination complaint with the Oregon Bureau of Labor and Industries ("BOLI") alleging discrimination and retaliation.

22.

Plaintiff requested joint filing with the Equal Employment Opportunity Commission ("EEOC").

23.

Plaintiff has satisfied all administrative prerequisites to filing this lawsuit.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## V. FACTUAL ALLEGATIONS

24.

Plaintiff began employment with Defendant in December 2011 as a criminal investigator.

25.

Plaintiff worked continuously for Defendant for approximately twelve and one-half years.

26.

Throughout his employment, Plaintiff received regular wage increases and favorable employment reviews.

27.

In spring 2024, shortly before the events leading to his termination, Plaintiff received a positive performance evaluation.

28.

Plaintiff maintained Oregon private investigator licensing and certifications during much of his employment.

29.

Plaintiff developed a strong professional reputation in Douglas County for integrity, professionalism, sound judgment, and strong ethics.

30.

Attorneys and judges who worked with Plaintiff regarded him as a highly capable and ethical investigator.

31.

Plaintiff was qualified to perform the essential functions of his position.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**Discovery and Reporting of Child Pornography**

32.

Around December 2023 or January 2024, Plaintiff encountered child pornography while reviewing criminal defense case materials in the course and scope of his employment.

33.

Plaintiff immediately reported the discovery to Defendant's Director, Erik Swallow, and to attorney Kelsey Cunningham.

34.

Plaintiff specifically requested that Defendant prevent similar unlawful material from remaining in Defendant's systems and files.

35.

Plaintiff reasonably believed the possession of child pornography violated Oregon law, including ORS 163.688.

36.

Defendant's policies required employees and supervisors to report suspected violations of law and workplace policy.

37.

Defendant's policies further represented that reports of suspected wrongdoing would be investigated and handled appropriately.

38.

Plaintiff relied upon these policies when making his reports.

39.

On June 27, 2024, Plaintiff encountered child pornography again while reviewing another criminal case file.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

40.

Plaintiff immediately reported the second incident to Director Swallow.

41.

Plaintiff was deeply disturbed and psychologically impacted by the repeated exposure to child pornography.

42.

Following the June 2024 incident, Plaintiff took time away from work due to emotional distress.

**Plaintiff's Disabilities and Request for Treatment**

43.

Following the repeated exposure to child pornography, Plaintiff began experiencing symptoms consistent with PTSD.

44.

Plaintiff also recognized that he was struggling with alcoholism and mental health issues.

45.

During the week of July 8, 2024, Plaintiff actively sought alcohol and mental health treatment.

46.

Plaintiff later successfully completed a prosecutor diversion program and six months of alcohol treatment.

47.

Plaintiff's alcoholism constituted a disability under the ADA and Oregon law.

48.

Plaintiff's PTSD likewise constituted a disability under federal and Oregon law.

PAGE 7 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

49.

Defendant knew or reasonably should have known Plaintiff was suffering from mental health impairments and alcoholism.

50.

Defendant knew Plaintiff had sought treatment.

51.

Defendant failed to engage in the interactive process.

52.

Defendant failed to discuss reasonable accommodations.

53.

Defendant failed to consider leave, treatment accommodations, schedule modifications, or other accommodations.

54.

Instead, Defendant moved toward terminating Plaintiff's employment.

**July 2024 Arrest and Treatment Efforts**

55.

On July 7, 2024, Plaintiff was involved in an intoxicated altercation at a bar and was arrested.

56.

Plaintiff self-reported the arrest to his supervisor.

57.

Plaintiff returned to work on July 9, 2024.

58.

Defendant did not immediately terminate Plaintiff following the arrest.

PAGE 8 – **COMPLAINT**

59.

Instead, Plaintiff continued working while simultaneously seeking treatment for alcoholism and mental health concerns.

60.

Plaintiff later completed diversion requirements and alcohol treatment.

61.

The timing of Defendant's termination decision demonstrates that Defendant's stated reasons for termination were pretextual.

**Reporting Sexual Harassment and Discrimination**

62.

On the morning of July 22, 2024, attorney Kelsey Cunningham came to Plaintiff's office and reported concerns regarding workplace sexual harassment and discrimination.

63.

Cunningham reported that the harassment and discrimination were being committed by Defendant's leadership.

64.

Plaintiff was aware this was not the first complaint involving discrimination or harassment within Defendant's organization.

65.

Defendant previously had notice of workplace concerns involving harassment, discrimination, and inappropriate responses by management.

66.

Plaintiff reasonably believed the conduct described to him violated Title VII and Oregon anti-discrimination laws.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

67.

Plaintiff immediately sent an email to Defendant's leadership team, including Director Swallow, reporting the concerns.

68.

Plaintiff opposed and reported conduct he reasonably believed to constitute unlawful sexual harassment and discrimination.

69.

Plaintiff's conduct constituted protected activity under Title VII and ORS Chapter 659A.

**Termination**

70.

On the same day Plaintiff reported the sexual harassment and discrimination concerns, Defendant demanded Plaintiff resign or face termination.

71.

Plaintiff refused to resign.

72.

Defendant terminated Plaintiff's employment.

73.

Plaintiff's termination occurred only weeks after his second report involving child pornography.

74.

Plaintiff's termination occurred the same day he reported workplace harassment and discrimination.

75.

The close temporal proximity between Plaintiff's protected activities and his termination supports a strong inference of retaliation.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

76.

Defendant's stated reasons for termination were pretextual.

77.

The real motivating factors for Plaintiff's termination included:

a. Plaintiff's reporting of child pornography;

b. Plaintiff's opposition to sexual harassment and discrimination;

c. Plaintiff's whistleblower activity;

d. Plaintiff's disabilities;

e. Plaintiff's requests for treatment and accommodation.

## VI. CLAIMS FOR RELIEF

## CLAIM ONE

### Retaliation for Opposing Unlawful Employment Practices

### (Title VII, 42 U.S.C. § 2000e-3(a))

78.

Plaintiff realleges and incorporates by reference all preceding paragraphs.

79.

Plaintiff engaged in protected activity when he opposed and reported workplace sexual harassment and discrimination.

80.

Plaintiff reasonably believed the conduct he reported violated Title VII.

81.

Defendant subjected Plaintiff to adverse employment action by terminating his employment.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

82.

Plaintiff's protected activity was a substantial and motivating factor in Defendant's decision to terminate him.

83.

The temporal proximity between Plaintiff's protected activity and termination supports causation.

84.

Defendant retaliated against Plaintiff in violation of Title VII.

85.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic damages, emotional distress, humiliation, mental suffering, and loss of employment benefits.

## CLAIM TWO

### Disability Discrimination - Failure to Provide Reasonable Accommodation
### (ADA, 42 U.S.C. § 12101 et seq.)

86.

Plaintiff realleges and incorporates by reference all preceding paragraphs.

87.

Plaintiff suffered from alcoholism and PTSD.

88.

Plaintiff's alcoholism and PTSD constituted disabilities within the meaning of the ADA.

89.

Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodation.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

90.

Defendant knew or reasonably should have known of Plaintiff's disabilities.

91.

Defendant failed to engage in the interactive process.

92.

Defendant failed to provide reasonable accommodations.

93.

Defendant discriminated against Plaintiff because of his disabilities.

94.

Defendant terminated Plaintiff because of his disabilities and/or perceived disabilities.

95.

Defendant's conduct violated the ADA.

96.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

**CLAIM THREE**

**Disability Discrimination - Failure to Reasonably Accommodate**

**ORS 659A.112**

97.

Plaintiff realleges and incorporates by reference all preceding paragraphs.

98.

Plaintiff's alcoholism and PTSD constituted disabilities under Oregon law.

99.

Defendant failed to reasonably accommodate Plaintiff.

PAGE 13 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

100.

Defendant failed to engage in the interactive process.

101.

Defendant discriminated against Plaintiff because of disability.

102.

Defendant terminated Plaintiff because of disability and/or perceived disability.

103.

Defendant violated ORS 659A.112.

104.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

## CLAIM FOUR

### Whistleblower Retaliation

### (ORS 659A.199; Title VII, 42 U.S.C. § 2000e-3)

105.

Plaintiff realleges and incorporates by reference all preceding paragraphs.

106.

Plaintiff made good-faith reports regarding conduct he reasonably believed violated state and federal law.

107.

Plaintiff reported child pornography located within Defendant's files and systems.

108.

Plaintiff reported workplace sexual harassment and discrimination.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

109.

Plaintiff engaged in protected whistleblowing activity.

110.

Defendant terminated Plaintiff because of his protected reports.

111.

Defendant retaliated against Plaintiff in violation of ORS 659A.199.

112.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

## CLAIM FIVE

### Whistleblower Retaliation

### (ORS 659A.203)

113.

Plaintiff realleges and incorporates by reference all preceding paragraphs.

114.

Defendant is a nonprofit organization subject to ORS 659A.203.

115.

Plaintiff disclosed information he reasonably believed evidenced violations of law and improper

conduct.

116.

Plaintiff disclosed concerns regarding possession of child pornography and workplace

discrimination.

117.

Defendant retaliated against Plaintiff because of these disclosures.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

118.

Defendant violated ORS 659A.203.

119.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

## CLAIM SIX

### Retaliation for Opposing Unlawful Practices

### (ORS 659A.030)

120.

Plaintiff realleges and incorporates by reference all preceding paragraphs.

121.

Plaintiff opposed and reported unlawful discrimination and harassment.

122.

Defendant thereafter terminated Plaintiff in retaliation for his protected report.

123.

Defendant violated ORS 659A.030.

## CLAIM SEVEN

### Common Law Wrongful Discharge in Violation of Public Policy

124.

Plaintiff realleges and incorporates by reference all preceding paragraphs.

125.

Oregon public policy strongly encourages employees to report criminal conduct, child pornography, workplace discrimination, and sexual harassment.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

126.

Plaintiff engaged in conduct protected by Oregon public policy by reporting unlawful activity and opposing discrimination.

127.

Defendant terminated Plaintiff because he engaged in protected conduct.

128.

Defendant's termination of Plaintiff violated Oregon public policy.

129.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.


## VII. DAMAGES

As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff suffered:

a. Lost wages, back pay, and front pay, no less than $280,000;

b. Lost employment benefits, no less than $192,550;

c. Emotional distress, no less than $175,000;

d. Damage to reputation, no less than $150,000;

e. Attorney fees and costs; and

f. All other damages recoverable by law.


## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    Economic damages in the amount of $472,550;

2.    Non-economic damages in the amount of $250,000;

3.    Compensatory damages in the amount of $325,000;

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

4.      Punitive damages;

5.      Attorney fees and costs;

6.      Pre- and post-judgment interest; and

7.      Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

DATED this 28th day of May 2026

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By:      */s/ Randy J. Harvey*
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com

20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for David Huckins